| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS<br>MIDLAND DIVISION |

JORDAN SMITH, Individually and
On Behalf of All Others Similarly
Situated,

§
§
§
§

  *Plaintiffs*,

§
§

No.   7:20-cv-00145

v.

§
§

RETURN DISPOSAL, LLC &
TOBEN SCOTT

§
§
§

  *Defendants*.

§

## PLAINTIFF JORDAN SMITH'S ORIGINAL COMPLAINT

Plaintiff Jordan Smith (referred to as "Smith") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Return Disposal, LLC and Toben Scott (collectively referred to as "Defendants" or "Return Disposal") who worked as pumpers or attendants and were paid at the same rate of pay for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Smith's claims arise under the FLSA.

2.    The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.    To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.    Defendants violated the FLSA by employing Smith and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.    Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.    Smith brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who were paid at the same rate of pay for all of the hours they worked during the past three years.

## II.  Jurisdiction & Venue

7.    This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because Defendants reside in this district and division. 28 U.S.C. § 1391(b)(1).

### III.  Parties

9.     Smith is an individual who resides in Midland County, Texas and who was employed by Defendants during the Smith three years.

10.     Return Disposal, LLC is a Texas limited liability company that may be served with process by serving its registered agent:

> Toben Scott
> 1509 W. Wall #100
> Midland, Texas 75201

Alternatively, if the registered agent of Return Disposal, LLC cannot with reasonable diligence be found at the company's registered office, Return Disposal, LLC may be served with process by serving the Texas Secretary of State. *See*, TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

11.     Defendant Toben Scott is an individual that may be served with process at:

> Toben Scott
> 1509 W. Wall #100
> Midland, Texas 75201

Alternatively, Toben Scott may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of

business because this action grows out of or is connected with the business he transacts in this state.

12.     An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13.     Defendants are an oil field services company that disposes of oilfield waste.

14.     Defendants do business in the territorial jurisdiction of this Court.

15.     Defendants employed Smith from approximately March 2019 to May 2020.

16.     Defendants employed Smith as a pumper and later as an attendant.

17.     As a pumper, Smith was responsible for pump maintenance, checking tank levels and other manual labor duties.

18.     As an attendant, Smith was responsible for checking tank levels and other manual labor duties.

19.     Defendants are covered by the FLSA. 29 U.S.C. §§ 203(c), (e)(2), (x), 206(a), 207(a).

20.     During Smith's employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

21.     During Smith's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

22.     During Smith's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23.     During Smith's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

24.     Defendants paid Smith on salary basis.

25.     Defendants paid Smith on a biweekly basis by electronic deposit.

26.     During Smith's employment with Defendants, he regularly worked in excess of forty hours per week.

27.     Defendants knew or should have known that Smith worked in excess of forty hours per week.

28.     Defendants did not pay Smith for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

29.     Instead, Defendants paid Smith a fixed sum—a salary—regardless of the number of hours he worked.

30.     Smith was not exempt from the maximum hour requirements of the FLSA.

31.     As a pumper, Smith's primary duties were nonexempt.

32.     As an attendant, Smith's primary duties were nonexempt.

33.     As a pumper and an attendant, Smith's primary duties did not include office or nonmanual work.

34.     As a pumper and attendant, Smith's primary duties were not directly related to the management or general business operations of Defendants' or its customers.

35.     As a pumper and attendant, Smith's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

36.     As a pumper and attendant, Smith did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

37.     As a pumper and attendant, Smith was, instead, required to follow Defendants' policies, practices and procedures.

38.     As a pumper and attendant, Smith did not have any independent authority to deviate from Defendants' policies, practices and procedures.

39.     Defendants knew or should have known that Smith was not exempt from the maximum hour requirements of the FLSA.

40.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

41.     During Smith's employment with Defendants, the company did not maintain accurate time and pay records for Smith as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

42.     During Smith's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

43.     Defendants continued the pay practice(s) complained of by Smith without investigation after being put on notice that the pay practice(s) violated the FLSA.

44.     Defendants has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

45.     Prior to this lawsuit, Defendants conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Smith.

46.    Because Defendants willfully violated the FLSA, the company is liable to Smith for any FLSA violations that occurred during the Smith three years. 29 U.S.C. § 255(a).

47.    As a result of the FLSA violation(s) described above, Defendants are liable to Smith for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

48.    All pumpers and attendants who were paid at the same rate of pay for all of the hours they worked during the past three years employed by Defendants during the Smith three years are similarly situated to Smith because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

## V.  Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

49.    Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50.    During Smith's employment with Defendants, he was a nonexempt employee.

51.     As a nonexempt employee, Defendants were legally obligated to pay Smith "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

52.     Defendants did not pay Smith "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

53.     Instead, Defendants paid Smith a fixed sum—a salary—regardless of the number of hours he worked.

54.     If Defendants classified Smith as exempt from the maximum hour requirements of the FLSA, he was misclassified.

55.     As a result of the FLSA violation(s) described above, Defendants are liable to Smith for back wages equal to the difference between what it should have paid and what it actually paid.

## VI.  Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

56.     Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

57.     Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether its pay practices were unlawful.

58.     Specifically, Defendants failed to maintain accurate time and pay records and failed to post an FLSA notice.

59.     Because Defendants willfully violated the FLSA, the company is liable to Smith for any FLSA violations that occurred during the Smith three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

60.     Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61.     On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

62.     These employees are similarly situated to Smith because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

63.     Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64.     Since Smith's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65.    For these reasons, Smith requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All pumpers and attendants employed by Defendants during the last three years at any location in this District who worked more than forty hours in any one or more workweeks and who were paid a fixed sum—a salary—regardless of the number of hours he worked.

66.    Defendants are liable to Smith and the putative class members for back wages equal to the difference between what they should have paid and what they actually paid.

67.    Smith has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

68.    Smith adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69.    Smith is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70.    Smith is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71.     Smith has retained the professional services of the undersigned attorneys.

72.     Smith has complied with the conditions precedent to recovering attorney's fees and costs.

73.     Smith has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74.     The attorney's fees and costs incurred or that may be incurred by Smith were or are reasonable and necessary.

75.     Defendants are liable to Smith both individually and on behalf of all similarly situated employees for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

76.     Smith demands the following relief:

a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.  an incentive award for Smith for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c.  judgment against Defendants in Smith's favor both individually and on behalf of all similarly situated employees of Defendants for back wages, liquidated damages and attorney's fees, plus interest and costs; and

d.  all other relief and sums that may be adjudged against Defendants in Smith's favor both individually and on behalf of all similarly situated employees of Defendants.

Respectfully Submitted,

By: _____

Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net