IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| JORDAN SMITH, Individually and On Behalf of All Others Similarly Situated, Plaintiffs, | § § § § | |
| v. | § § | CASE NO 7:20-cv-00145 |
| RETURN DISPOSAL, LLC & TOBEN SCOTT, Defendants. | § § § | |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiff Jordan Smith ("**Plaintiff**") and Return Disposal, LLC and Toben Scott ("**Defendants**") (collectively "**the Parties**") file this Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice and in support would show as follows:

**I.   SUMMARY**

The Parties have reached a settlement of Plaintiff's pending unpaid wage claims under the Fair Labor Standards Act ("**FLSA**") seeking damages for unpaid overtime, liquidated damages, and attorney's fees and costs.

The FLSA settlement was the result of arm's-length negotiations, conducted by experienced counsel for all parties, after formally and informally exchanging information. The terms of the settlement are reasonable and appropriate and fair to all parties involved. Accordingly, the Parties ask the Court to approve the settlement and enter an Order dismissing this lawsuit.

1

## II. **BACKGROUND**

This is an action brought by Plaintiff pursuant to the FLSA. The lawsuit was filed on June 10, 2020. In the lawsuit, Plaintiff alleged that Defendants failed to comply with the FLSA by paying him no overtime compensation. Plaintiff seeks damages in the form of unpaid overtime, liquidated damages, and attorney's fees, expenses and costs.

Defendants dispute Plaintiff's claims. However, Defendants have determined that in order to avoid the expenses and expenditures associated with continued litigation, it was in the best interest to resolve the case with Plaintiff.

## III. **SETTLEMENT**

The Parties now seek Court approval of their agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the compensation practices at issue and the hours worked by Plaintiff. The settlement does not include or otherwise impact the potential FLSA claims of any other employees of Defendants. This settlement is not a mere compromise of guaranteed substantive rights under the FLSA.

### A. HOW THE SETTLEMENT WAS REACHED

Prior to engaging in settlement discussions, the Parties independently and thoroughly investigated the claims and defenses at issue. These efforts provided all parties involved with great insight as to potential liability and the range of recovery at issue. Further, these efforts, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding the alleged failure to pay overtime compensation, allowed the Parties to intelligently, and in good faith, weigh both the risks and benefits of costly and time-consuming continued litigation.

The settlement was negotiated by attorneys who have experience prosecuting and/or defending this and similar claims. Both sides have had considerable experience in prosecuting

and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

### B.  TERMS OF THE SETTLEMENT AGREEMENT

The key details of the proposed settlement have been set forth in the Settlement Agreement which has been attached hereto as Exhibit 1, but filed under seal.

### C.  SUBMITTING THE SETTLEMENT AGREEMENT UNDER SEAL

The terms of the settlement have been memorialized in a comprehensive settlement agreement. Defendants have requested that the Settlement Agreement and Exhibits thereto be filed under seal for the Court's review. Defendants believe that the publication of the Settlement Agreement and Exhibits thereto is not in the best interest of their continuing business operations, and Plaintiff is not opposed to the submission of these documents under seal and believes that Defendants have articulated good cause for submitting the documents under seal.

### IV.  THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THIS MATTER

The Parties are now seeking Court approval of the settlement under the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are

represented by counsel); *Camp v. The Progressive Corp., et al*, 2004 WL 2149079 (E.D. La. 2004); *see also Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial and in the best interests of all parties. Because of the various defenses asserted by Defendants and the possibility that Defendants may have successfully defeated or limited some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages, compensation, and the amount of hours worked, the Parties believe that the settlement represents a fair compromise of the claims. The Settlement allocates an individual amount to the Plaintiff based on the amount of hours worked and his rate of pay and also allocates an amount for Plaintiff's attorneys' fees and costs. Additionally, Defendant has agreed to not contest the attorney's fees and expense allocation. Moreover, given the financial uncertainty associated with continued litigation and the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with a trial and appeal.

The Parties are therefore requesting that the Court:

(a) Approve this settlement, including all of the terms set forth in the Settlement Agreement;

(b) Sign the attached Order approving the Settlement Agreement and dismiss this lawsuit with prejudice.

        Respectfully submitted,

By:   /s/ Matt Catalano
      **Melinda D. Hamm**
      State Bar No. 24059924
      mhamm@cbtd.com
      **Matt Catalano**
      State Bar No. 24003918
      mcatalano@cbtd.com

      OF

      COTTON, BLEDSOE, TIGHE & DAWSON
      A Professional Corporation
      P. O. Box 2776
      Midland, Texas 79702
      (432) 684-5782
      (432) 682-3672 (Fax)

      **ATTORNEYS FOR DEFENDANTS,
      RETURN DISPOSAL, LLC & TOBEN SCOTT**


/s/ Melissa Moore
**Melissa Moore**
State Bar No. 24013189
melissa@moreandassociates.net
**Curt Hesse**
State Bar No. 24065414
curt@moreandassociates.net
The Melissa Moore Law Firm, P.C.
Lyric Center
440 Louisiana Street, Suite 675
Houston, TX  77002
(713) 222-6775
(713) 222-6739 (Fax)

**ATTORNEY FOR PLAINTIFF,
JORDAN SMITH**

5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Melissa Moore*
Melissa Moore